UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HIGH MAINTENANCE BITCH, LLC, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>UPTOWN DOG CLUB, INC., a Texas Corporation,<br><br>Defendants. | No. C07-888Z<br><br>ORDER |

THIS MATTER comes before the Court on a Motion by Defendant, Uptown Dog Club Inc., to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or Alternatively to Transfer and for Plaintiff to Provide a More Definite Statement, docket no. 6. Having considered the parties' briefs, declarations, and exhibits thereto, the Court GRANTS Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.[1]

## I.   BACKGROUND

Plaintiff, High Maintenance Bitch LLC ("HMB"), filed this action against Defendant, Uptown Dog Club ("Uptown Dog"), for damages caused by the alleged sale of products that infringe on one or more of HMB's design patents. HMB is a Washington State limited liability company with its principal place of business in Seattle, Washington. Compl., docket

---

[1] The motions regarding improper venue, transfer, and a more definite statement are stricken as moot.

ORDER   -1-

no. 1, ¶ 1. Uptown Dog is a Texas corporation with its principal place of business in Frisco, Texas. Woody Decl., docket no. 7, ¶ 3. The home of Uptown Dog's co-founder, Elaine Bennett, serves as the home office of Uptown Dog. Id. Lisa Woody, the daughter of Elaine Bennett and co-founder of Uptown Dog, asserts that the company does not manufacture any of its products, but sells products supplied by third parties, none of which reside in Washington. Id. ¶ 4. In addition, Ms. Woody states that Uptown Dog does not (1) have an agent or representative authorized for service of process, (2) own or operate a business, (3) have any bank or savings and loan account, (4) travel, (5) advertise directly, (6) conduct any business solicitations, or (7) pay any taxes in Washington. Woody Decl. ¶¶ 5-11

HMB alleges that it is the owner of three separate patents which Uptown Dog has infringed by making, offering, selling, and/or offering to sell goods within the scope of those patents. Compl. ¶ 2-4, 11-25. HMB seeks to enjoin Uptown Dog, and requests monetary damages, prejudgment interest, and attorney's fees and expenses. Compl. at pg. 4. However, HMB has not alleged any facts regarding personal jurisdiction. Compl. at ¶¶ 6-8.[2]

Uptown Dog moves to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and under 12(b)(3) for improper venue. Alternatively, Uptown Dog moves to transfer the case to the Northern District of Texas under 28 U.S.C. §1404. In addition, Uptown Dog moves under 12(e) for a more definite statement regarding the alleged infringing products.

///

///

///

---

[2] After HMB filed its Complaint, Uptown Dog contacted HMB via e-mail in an attempt to determine which products allegedly infringed the patents. Fricke Decl., docket no. 8, at pg. 20. HMB declined to offer the model number or "anything else that implies a limitation on our damages at this time." Id. at pg. 20. Additionally, HMB told counsel for Uptown Dog that, "[i]f [Uptown Dog] [isn't] willing to provide [HMB] with [the financial] information, the offer should be high enough that [HMB] can be persuaded that it was worth [HMB's] while to operate on imperfect information." Id. at 15.

ORDER  -2-

## II. DISCUSSION

### 1. Personal Jurisdiction Standards

Federal Circuit case law governs personal jurisdiction in patent cases. <u>Beverly Hills Fan Co. v. Royal Sovereign Corp.</u>, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994). "Once a motion to dismiss for lack of personal jurisdiction has been presented to a district court by a nonresident defendant, the party who seeks to invoke the jurisdiction of the district court bears the burden of establishing contacts by the nonresident defendant sufficient to invoke the jurisdiction of the court." <u>WNS, Inc. v. Farrow</u>, 884 F.2d 200, 203 (5th Cir. 1989). Jurisdictional discovery is allowed unless HMB's claim for personal jurisdiction is clearly frivolous. <u>Massachusetts School of Law at Andover, Inc. v. American Bar Association</u>, 107 F.3d 1026, 1042 (3rd Cir. 1997); <u>Toys "R" Us, Inc. v. Step Two, S.A.</u>, 318 F.3d 446, 456 (3rd Cir. 2003).

### 2. General Jurisdiction

General jurisdiction is satisfied if Uptown Dog has maintained "'continuous and systematic' contacts with the forum state even when the cause of action has no relation to those contacts." <u>LSI Indus. v. Hubbell Lighting, Inc.</u>, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (quoting <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414-16 (1984)). Uptown Dog does not have any "substantial" or "continuous and systematic business contacts" with the State of Washington as it does not have any offices, facilities, bank accounts, real estate, contact numbers or addresses in Washington. Woody Decl. ¶ 5-11. In addition, Uptown Dog alleges that only one boa-feathered dog collar was shipped to Washington between March 2004 and May 2006. Second Woody Decl., docket no. 16, ¶ 7. Although Uptown Dog's website offers shipping to Washington, an interactive website alone does not satisfy "substantial" or "continuous and systematic contacts." Exh. 1 attached to Bronski Decl., docket no. 12, at pg. 3; <u>GTE New Media Services Inc. v. BellSouth Corp.</u>, 199 F.3d 1343, 1349-1350 (D.C. Cir. 2000) (stating that mere operation of an interactive

website "does not by itself show any persistent course of conduct by defendants in the [forum state].").  HMB has failed to make a prima facie case that this Court has general jurisdiction over Uptown Dog.[3]

### 3. Specific Jurisdiction

Specific jurisdiction refers to the Court's ability to maintain jurisdiction on claims arising out of or relating to the cause of action even if the contacts are isolated and sporadic. LSI Indus., 232 F.3d at 1375.  Specific jurisdiction would exist if Uptown Dog has "minimum contacts" with Washington "such that [it] should reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  Unlike general jurisdiction, specific jurisdiction only exists when the factual basis for the complaint arises out of or relates to the forum and creates a substantial connection with the forum.  Asahi Metal Indus. Co v. Superior Court, 480 U.S. 102, 112-13 (1987); World-Wide Volkswagen, 444 U.S. at 292.

To adequately prove specific jurisdiction over Uptown Dog, HMB must establish that:

(a) Uptown Dog purposefully directed its activities at the residents of Washington;

(b) the claim arises out of or is related to those activities; and

(c) the assertion of personal jurisdiction is reasonable and fair.

HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1307-08 (Fed. Cir. 1999) (citing Akro Corp. v. Luker, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995)).

### (a) Uptown Dog Has Not Purposefully Directed Any Activities At The Residents Of Washington

HMB must prove that Uptown Dog "purposefully avail[ed] itself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws."  CTVC of Hawaii, Co. v. Shinawatra, 82 Wn. App. 699, 710-11 (1996).  Random, fortuitous, or attenuated contacts, or the unilateral activity of another person do not satisfy

---

[3] HMB does not respond to Uptown Dog's argument that general jurisdiction does not exist in this case.

ORDER  -4-

the requirement that the defendant purposefully act towards forum residents. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). Additionally, a state does not acquire specific jurisdiction simply "by being the 'center of gravity' of the controversy, or the most convenient location for litigation." CTVC of Hawaii, 82 Wn. App. at 710 (1996).

HMB has refused to identify which products it alleges infringe the patents in question. Fricke Decl., docket no. 8, at pg. 20. However, assuming that the feather boa is the product in question, Uptown Dog alleges that of the 21 feather-boas it has sold since March 2004, only 1 has been delivered to a Washington address. Second Woody Decl., docket no. 16, ¶ 7. Sales to the forum state must be more than isolated occurrences for the assertion of jurisdiction to satisfy the requirements of due process. Burger King, 471 U.S. at 475-76 n.18; iAccess Inc. v. WEBcard Tech. Inc., 182 F.Supp.2d 1183, 1189 (D. Utah 2002) (finding that one purchase by a forum resident was not sufficient for personal jurisdiction); Shamsuddin v. Vitamin Research Products, 346 F.Supp.2d 804, 813 (D. Md. 2004) (two sales to forum residents from commercial website were insufficient for the exercise of personal jurisdiction over the defendant); Amazon.com, Inc. v. Kalaydjian, 58 USPQ2d 1247, 1251 (W.D. Wash. 2001); Cf, McGee v. International Life Ins. Co., 355 U.S. 220, 223 (1957) (provided some "substantial connection" with the forum is created, even a single act may support specific jurisdiction over a nonresident).

Plaintiff contends defendant has purposefully availed itself to do business in Washington. First, Plaintiff argues that Uptown Dog's website includes a section which allows customers to ship products to Washington.[4] Bronski Decl., docket no. 12, at pg. 3. However, the existence of an interactive website which may be accessed by Washington residents does not satisfy specific jurisdiction. Millennium Enterprises, Inc. v. Millennium Music, L.P., 33 F.Supp.2d 907, 921 (D. Or. 1999) (court dismissed the action because the

---

[4] Plaintiff also states that an Uptown Dog customer service representatives confirmed that Uptown Dog ships all over the United States, including Washington. Exh. 2 to Bronski Decl., docket no. 12, at pg. 9.

ORDER -5-

only contact with the forum state was an interactive website that did not specifically target forum residents); Boppy Co. v. Luvee Products Corp., 72 USPQ2d 1577, 1580-81 (D. Colo. 2004) (interactive website alone is not enough to confer jurisdiction); Bensusan Restaurant Corp. v. King, 937 F.Supp. 295, 301 (S.D.N.Y. 1996) ("Creating a site . . . is not an act purposefully directed toward the forum state"); ESAB Group, Inc. v. Centricut, LLC, 34 F. Supp. 2d 323, 330 n.4 (D.S.C. 1999) (a website alone is not enough to find jurisdiction because it "would eviscerate personal jurisdiction requirements as they currently exist."). In Xactware, Inc. v. Symbility Solution Inc., 402 F. Supp. 2d 1359 (D. Utah 2005), the Court held that an interactive website that allowed the residents of the forum state to place orders was insufficient to prove personal jurisdiction. 402 F. Supp. 2d at 1364; See also Molnlycke Health Care AB v. Dumex Medical Surgical Products Ltd, 64 F. Supp. 2d 448, 450-51 (E.D. Pa. 1999) (holding that no jurisdiction exists in patent infringement case where defendant advertised its products on website and allowed purchases direct from that site, but there was no evidence of significant sales in forum state). The present case is analogous to Xactware. Although Washington residents are allowed to purchase Uptown Dog products through the website, this does not establish that Uptown Dog has "purposefully directed" its activity to Washington residents.

Plaintiff also argues that Uptown Dog has been featured in some capacity through a number of national media channels. Bronski Decl., docket no. 12, at pg. 5. However, these media sources do not specifically relate to this action. In addition, the website says only that Uptown Dog has been "seen in" the periodicals. Bronski Decl. at pg. 5. Specifically, the *Seattle Dog* periodical will allegedly contain an article written by Uptown Dog co-founder, Lisa Woody. Id. ¶ 4. The article simply refers the readers to local Seattle businesses where the reader can purchase products for their pets. Id.

///

///

ORDER   -6-

### (b) HMB's Claims Did Not Arise From Uptown Dog's Contacts With the State of Washington

Plaintiff must demonstrate that its claims would not have existed "but for" Uptown Dog's activities in Washington. The "but for" test is used to determine whether a claim against a nonresident business arises from or is related to the defendant's activities in the state. Raymond v. Robinson, 104 Wn. App. 627, 640 (2001).

HMB has not satisfied this element of specific jurisdiction. The unilateral activity by a defendant does not establish personal jurisdiction. Hanson, 357 U.S. at 253. In addition, the fact that Uptown Dog *can* ship to Washington does not prove that they did ship to Washington and that those shipments even relate to the damages allegedly suffered by HMB. HMB has not provided any evidence that "but for" Uptown Dog's alleged business solicitations in Washington, HMB's damages would not have occurred.

### 4.   HMB's Request for Jurisdictional Discovery

The Court may allow jurisdictional discovery to determine if any additional contacts exist for which it could exercise personal jurisdiction over the defendant. Massachusetts School of Law, 107 F.3d at 1042; Toys "R" Us, 318 F.3d at 458. In Massachusetts School of Law, the Third Circuit stated that, "[o]ur rule is generally that jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'" 107 F.3d at 1042 (citing Nehemiah v. The Athletics Congress, 765 F.2d 42, 48 (3d Cir. 1985)). The plaintiff in Massachusetts School of Law alleged a nationwide conspiracy existed and that the conspiracy necessarily had effects in the forum state. Id. The Third Circuit found that the plaintiff's claims for personal jurisdiction were clearly frivolous because the plaintiff made unsupported allegations that the defendant transacted business in the forum. Id. (citing Garshman v. Universal Resources Holding, Inc., 641 F.Supp. 1359, 1366 (D.N.J. 1986) (other citations omitted)).

ORDER   -7-

In contrast, in Toys "R" Us, the Third Circuit allowed jurisdictional discovery to determine the extent of the defendant's contacts in the forum. 318 F.3d at 458. The defendant in Toys "R" Us sold products to vendors in the United States and had an employee attend a conference in New York each year. Id. at 456-57. The Third Circuit allowed discovery to determine the nature of the vendor relationships and other contacts in the United States. Id. The plaintiff was able to offer supported allegations of the known vendor relationships, sales, and the employees' business related trips to the forum. Id. In particular, the court also allowed discovery to allow the parties' to determine the residence of the purchasers of the defendant's products and reveal any additional non-Internet contacts. Id.

The present case is not analogous to Toys "R" Us. The plaintiff in Toys "R" Us had an affidavit in which the defendant stated they had regular and systematic contacts with the forum and that the defendant attended trade shows in the forum. 318 F.3d at 457. The plaintiff then requested jurisdictional discovery to inquire into what the substantial and continuous contacts were. Id. at 457-58. The court allowed jurisdictional discovery so the plaintiff could determine the extent of the defendant's non-Internet contacts. Id. at 458. In contrast, HMB has not produced any evidence other than the fact that the Uptown Dog website allows customers to ship purchases to Washington and the mention of Uptown Dog in various magazines. There is no evidence in the present case that Uptown Dog had any contacts with Washington equivalent to those established in Toys "R" Us. Id.; See also Shamsuddin v. Vitamin Research Products, 346 F.Supp.2d 804, 817-18 (D. Md. 2004) (denying jurisdictional discovery as the plaintiff was basing its personal jurisdiction claim on speculation). Like the plaintiff in Massachusetts School of Law, HMB presents the Court only with unsupported allegations of Uptown Dog's potential contacts. Without more the Court will not allow jurisdictional discovery.

///

///

### 5. **Attorney's Fees**

Uptown Dog requests its attorney's fees in defending this suit in Washington. Defendant relies on RCW § 4.28.185 which provides as follows:

> In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

Such an award is discretionary. State v. O'Connell, 84 Wn.2d 602, 606-07 (1974). HMB burdened Uptown Dog by making a frivolous claim for personal jurisdiction in the State of Washington. Therefore, reasonable attorney's fees will be granted in favor of Uptown Dog.

## III. CONCLUSION

The Court GRANTS the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and this case is dismissed without prejudice. Defendant will be awarded reasonable attorney's fees to be determined. Defendant is directed to move for attorney's fees within 20 days of this order.

IT IS SO ORDERED.

DATED this 17th day of October, 2007.

_____
Thomas S. Zilly
United States District Judge